THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THE JACKSON-SEBRING COMPANY, Appellant.— Appeal dismissed, without costs, upon stipulation filed.

EARL C. GILLETTE, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Appeal dismissed, unless appellant shall file and serve printed papers by May fourteenth.

JAMES McCARTHY, an Infant, etc., Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Appeal dismissed, unless appellant shall file and serve briefs by May tenth.

MARIA C. POPPLE, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Appeal dismissed, unless appellant shall file and serve briefs by May tenth.

JOHN W. KINNEY, Appellant, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.— Motion granted, precluding respondent from being heard upon the argument unless its briefs are filed by May sixth.

RUDOLPH F. KLOPF, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Appeal dismissed, unless appellant shall file and serve printed papers and briefs by May fourteenth.

SZYMON RZUCIDIO, Respondent, v. BUFFALO CAR WHEEL FOUNDRY COMPANY and Others, Appellants.— Appeal dismissed, unless appellants shall file and serve briefs by May eleventh and be ready for argument on May twentieth.

EDWIN A. HALL, as Administrator, etc., Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Judgment and order affirmed, with costs. All concurred, except Lambert, J., who dissented.

In the Matter of the Application of the CITY OF ROCHESTER, Respondent, to Acquire Certain Lands Situate in the Town of Canadice, Ontario County, New York, for Municipal Purposes, Belonging to ALEXANDER M. HOLDEN and Another, Appellants.— Order reversed, with costs, and proceeding dismissed, with costs, upon the ground stated in the opinion of De Angelis, J., in *Matter of City of Rochester* (*ante*, p. 369), decided herewith. All concurred, Foote, J., in result, except Kruse, P. J., who dissented and voted for affirmance.

FRANK V. R. STILLMAN, Respondent, v. CITY OF OLEAN, Appellant.— Reargument ordered upon the question of whether, assuming that Thirteenth street is not a public street, the plaintiff should be denied injunctive relief because there are private easements thereon which would entitle the plaintiff to only nominal damages for its opening as a public street, and if the plaintiff is not entitled to injunctive relief, the nature of the judgment to do equity between the parties.