ETTA ROTH, Respondent, v. NATIONAL AUTOMOBILE MUTUAL CASUALTY COMPANY, Appellant.

*Appeal — judgment of Appellate Division affirming determination of Appellate Term affirming judgment of Municipal Court — appeal without permission to Court of Appeals dismissed.*

Roth v. Nat. Automobile Mutual Casualty Co., 202 App. Div. 667, appeal dismissed.

(Argued March 14, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 25, 1922, which affirmed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff.

*Theodore H. Lord* for appellant.

*Harold R. Medina* and *Charles S. Rosenthal* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

EDWARD H. FLAHERTY, an Infant, by JOHN H. FLAHERTY, His Guardian ad Litem, Appellant, v. METRO STATIONS, INC., Respondent.

*Negligence — when owner of premises not negligent in leaving thereon open can containing gasoline accessible by children.*

Flaherty v. Metro Stations, Inc., 202 App. Div. 583, affirmed.

(Submitted March 14, 1923; decided April 17, 1923.)

APPEAL from a judgment, entered July 11, 1922, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The plaintiff, nine years of age, with two other small boys of about the same age, built a bonfire. They then went to the premises of the defendant and took some gasoline from a milk can standing on the platform. They carried the gasoline

in tin cans, which they found. While going from the defendant's premises back to the bonfire, they threw gasoline on each other's clothing. Whey they reached the bonfire, which was some considerable distance from the defendant's premises, one of the boys poured some gasoline from a can on to the fire. It flashed up and burned the plaintiff. This action was brought and has been maintained on the theory that it was negligent for the defendant to leave gasoline in an open milk can at a place where boys were in the habit of going.

*Patrick S. Collins* for appellant.

*H. J. Adams* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

HOWARD HUMISTON, Appellant, *v.* MYRON C. WOOD, as Administrator with the Will Annexed of NATHANIEL W. CARMAN, Deceased, Respondent.

*Torts — incendiarism — action to recover for loss of property through the setting fire to a building in which it was contained.*

*Humiston* v. *Wood*, 197 App. Div. 901, affirmed.
(Argued March 14, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 7, 1921, affirming a judgment in favor of defendant entered upon a verdict. The action was to recover loss sustained by plaintiff through the burning of a building containing property belonging to him, which burning it was alleged was caused by the act of defendant's intestate in setting fire to said building.

*John G. Van Etten* for appellant.

*John R. De Vany* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.