PASQUALE SARCONI, Respondent, *v.* THE ONE HUNDRED AND TWENTY-TWO WEST TWENTY-SIXTH STREET CORPORATION, Appellant.

**Negligence — elevators — trial — charge — appeal — injury through alleged negligent operation of freight elevator — erroneous instruction to jury that building code rule referring to passenger elevators applied to all elevators — erroneous exclusion of evidence cured by final admittance and instructions to jury — complaint that defendant was deprived of fair trial by improper attitude of trial justice to counsel addressed to discretion of Appellate Division and not reviewable by Court of Appeals — refusal of court to grant motion to withdraw juror discretionary — refusal of trial court to permit counsel to confer with assistant might present legal error — not reviewable in absence of exception — weight to be given unanimous decision of Appellate Division that trial justice kept within bounds of discretion.**

1. In an action to recover damages for personal injuries, alleged to have been sustained by the plaintiff by reason of the negligent operation of a freight elevator by the defendant, it is prejudicial error for the trial court to read to the jury a building code rule

requiring passenger elevator shaft doors or gates to be closed before the car is put in motion and to instruct the jury that the rule refers to all elevators within the city.

2. An erroneous exclusion of evidence is cured by its final admittance and instructions to the jury as requested.

3. Complaints that errors of law were committed by the trial justice by reason of his alleged improper attitude towards trial counsel in curtailing the examination of witnesses and unnecessarily and repeatedly rebuking and reproving him and that defendant was thereby deprived of a fair trial are addressed to the discretion of the Appellate Division, which has abundant power to relieve the aggrieved party, and are not reviewable by the Court of Appeals.

4. The refusal of the court to grant a motion to withdraw a juror falls within the classification of discretionary matters and does not present legal error reviewable here.

5. Legal error might arise from the refusal of the trial court to permit counsel to confer with an assistant but cannot be reviewed where the point has not been properly raised.

6. Great weight should be given to the unanimous decision of the Appellate Division that the trial justice kept within the bounds of judicial discretion and did not by his admonitions and chidings and rulings in connection therewith prejudice the client, particularly where the trial justice fully and fairly instructed the jury to take no heed of the differences between court and counsel in arriving at a verdict.

*Sarconi* v. *122 W. 26th St. Corp.*, 213 App. Div. 862, reversed.

(Argued October 29, 1925; decided December 1, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 8, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

*Frederick Mellor* for appellant.

*Harold R. Medina* and *Leander I. Shelley* for respondent. The trial court committed no error in admitting rule 13 of the board of standards and appeals in its ruling thereon. (*Wright* v. *Reusens*, 133 N. Y. 298; *Ocorr & Rugg Co.* v. *City of Little Falls*, 77 App. Div. 592; 178 N. Y. 622.) There is no basis whatsoever for the defend-

ant's claim that the trial court adopted an improper attitude toward it. (*Finan* v. *N. Y. Central R. Co.*, 111 App. Div. 380; *Devlin* v. *N. Y. City Railway Co.*, 116 App. Div. 894; *Daly* v. *Byrne*, 77 N. Y. 182.)

POUND, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligent operation of a freight elevator by the defendant. The complaint alleges in substance that on February 11, 1924, in a building owned by defendant, while plaintiff was using a freight elevator in the act of removing some bags of waste paper therefrom which he had brought down from an upper story, the elevator, through the negligence of defendant, was suddenly raised, causing plaintiff to fall into the shaft. The plaintiff testified that it was a freight elevator and both parties claim that he was using it as a freight elevator at the time of the accident. On the trial he contended that it was suddenly and negligently raised as he was stepping into it to take off the bags of waste paper and while he was straddling the doorway with one foot in the elevator and the other in the passageway. The defendant contended that it was being raised for the accommodation of plaintiff so that he could load the bags onto his shoulder according to what it asserts was the usual practice and that he was injured because he undertook to step into the elevator when it was in motion. The trial was expeditiously conducted on this simple question of fact. The verdict of the jury was for $30,000, which was reduced by the Appellate Division to $20,000.

At the close of the charge the following appears on the record:

" Juror No. 8: Does the Building Code provide that a gate must be supplied and kept closed while the elevator is in motion?

" Mr. Feltenstein: There is such a rule.

" The Court: I do not know —

" Mr. Feltenstein: I have got it marked off for your Honor.

" Mr. Mellor: You did not offer it in evidence

" The Court: We take judicial notice of these ordinances and statutes.

" Mr. Feltenstein: Here is Rule 13.

" Mr. Mellor: It applies to passenger elevators.

" Mr. Feltenstein: No, all elevators.

" Mr. Mellor: No, not freight elevators.

" Mr. Feltenstein: All elevators.

" Mr. Mellor: It says passenger elevators in it.

" Mr. Feltenstein: Rule 13, that is what your Honor takes judicial notice of.

" The Court: Yes, these are the elevator rules adopted by the Board of Standards and Appeals of this city, and Rule 13 provides —

" Mr. Mellor: I will except to that.

" The Court (continuing): Rule 13 provides: ' Shaft doors. In existing and future installations, all gates or doors leading to any shaft in which power driven passenger elevators are operated (except full automatic push button elevators) shall be locked, bolted or securely fastened on the shaft side. Such shaft doors or gates shall be closed by the operator before the car is put in motion.' Is that what you refer to now?

" Juror No. 8: Does that refer to freight elevators?

" The Court: It refers to hoistway elevators, every elevator, escalator, freight conveyor or amusement device within the City of New York. That is all.

" Mr. Mellor: Will your Honor allow me an exception to that?

" The Court: Yes."

· This was error and prejudicial error. Rule 13 does not apply to freight elevators. Even if it did apply to a freight elevator occasionally used by passengers, it had no bearing on the particular case for the plaintiff was not a passenger. Respondent's counsel candidly says in

his brief: " the opening or closing of the doors had very little bearing on the case." The learned justice did not so instruct the jury. He said that the rule requiring shaft doors to be closed applied to all elevators. Trial counsel for the plaintiff, who had not contended that he might recover because the gates were not closed, might have kept this error off the record by disclaiming, as counsel on appeal now disclaims, any right to recover for the failure of the operator to close the doors. Instead, it appears that he sought to gain some advantage from it. A juror's question naturally suggests the working of the juror's mind and counsel seems to have taken the question as his cue. The verdict may well have been the same without this instruction. It would have been amply sustained by the evidence. But the defendant had a substantial right to have the regulations governing passenger elevators kept out of the case. It is reasonable to infer that the jurors found that the accident would not have happened if the operator had closed the doors before putting the elevator in motion. The conclusion is reached that a new trial must be had properly to protect the appellant's rights.

Other errors complained of relate to the exclusion of evidence of a practice said to have been known to plaintiff and defendant's operator of raising the elevator to enable plaintiff to put the bags on his shoulder. These were probably cured. Evidence of the practice was finally admitted in answer to a juror's question and the jury was instructed on this point as requested by defendant.

Appellant also complains that errors of law were committed by the learned trial justice by reason of his alleged improper attitude towards its trial counsel in curtailing the examination of witnesses and unnecessarily and repeatedly rebuking and reproving him; that it was thereby deprived of a fair trial and that the judgment below should be reversed on the law for this reason.

The question of a fair and impartial trial, outside of rulings on questions of evidence, on the charge of the court and on other matters of legal right, when properly excepted to, is one which addresses itself to the discretion of the Appellate Division which has abundant power to relieve the aggrieved party. " Matters of discretion are reviewable by the Appellate Division, but not by us." (*Cattano* v. *Metropolitan Street Ry. Co.*, 173 N. Y. 565, 572.) The refusal of the court to grant a motion to withdraw a juror falls within the classification of discretionary matters and does not present legal error reviewable here. (*Chesebrough* v. *Conover*, 140 N. Y. 382, 388.) Legal error might arise from the refusal of the trial court to permit counsel to confer with an assistant but I find nothing in this case in this connection which raises the point beyond a somewhat acrimonious discussion of the propriety of introducing an associate after the jury has been selected. The curtailment of the examination of witnesses complained of by counsel either was discretionary or did not in the end affect any substantial right of defendant.

The unanimous affirmance here'n indicates that, taking the trial as a whole and considering the conduct of the attorneys as well as that of the judge, the learned Appellate Division was of the opinion that the trial justice kept within the bounds of judicial discretion; that he did not, by his admonitions and chidings of counsel and rulings in connection therewith, prejudice the client. To its decision on this point great weight should be given, particularly as the learned trial justice fully and fairly instructed the jury to take no heed of the differences between court and counsel in arriving at a verdict.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed.