THEODORE PARNELL, an Infant, by MATTHEW PARNELL, His Guardian ad Litem, Respondent, *v.* HOLLAND FURNACE COMPANY et al., Appellants.

MATTHEW PARNELL, Respondent, *v.* HOLLAND FURNACE COMPANY et al., Appellants.

(Argued October 17, 1932; decided November 22, 1932.)

*Alpheus R. Phelps* for Holland Furnace Company, appellant.

*Glenn A. Stockwell* for Herman Brandt, appellant.

*Francis T. Findlay* and *Carlos C. Alden* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: POUND, Ch. J., LEHMAN, O'BRIEN and CROUCH, JJ.; CRANE, J., dissents in opinion in which KELLOGG and HUBBS, JJ., concur.

CRANE, J. (dissenting). In affirming this recovery we are going further than any case heretofore reported, and in my judgment placing a heavier burden upon business organizations than common foresight demands.

At Main street and Linwood avenue in the city of Niagara Falls the Holland Furnace Company rented a

shop for carrying on its business. A lot or vacant land separated its place from two other buildings owned by the same landlord. The tenants used the between land in common. An employee of the furnace company owned an old Ford automobile which he had sometimes used in the company's business but which had been discarded, dismantled and left unused in the yard near the shop. Children of the neighborhood played about the buildings and in and on this old car. Surely the furnace company was under no duty to keep it in repair as a plaything. In the tank of the car was some gasoline. This tank was properly and securely capped. The day before the accident this cap had been removed by mischievous boys and some water poured into the tank. The plaintiff, a young boy, while standing on the running board of the car, knocked together two stones and an explosion occurred which seriously burned him.

The furnace company, which did not own the car, has been held liable in heavy damages for its negligence in permitting this old dismantled car to remain on its property in a condition dangerous to children; that is for having gasoline stored in a tank properly capped, where children might get hurt if they meddled with it.

No liability followed from permitting lime to escape into the street from barrels, although a young boy, seven years old, took some of the lime and was injured by pouring water on it. (*Beetz* v. *City of Brooklyn*, 10 App. Div. 382, 385.) The court said: " The lime was harmless as it lay upon the street; it was only made dangerous by the active intervention of two other agencies, the boy who carried it and its contact with water."

In *Flaherty* v. *Metro Stations, Inc.* (202 App. Div. 583; affd., 235 N. Y. 605), gasoline was kept in open milk cans on premises frequented by children. Some of this gasoline was taken by young boys to a nearby bonfire, causing injury to the plaintiff whose clothing had been sprinkled with the fluid. The defendant was not charged with negligence in thus leaving gasoline in cans on its premises.

So also we find liability not extended, although injury followed from defendant's agency in *Beickert* v. *G. M. Laboratories* (242 N. Y. 168, 172), where burning picture film injured the plaintiff. The defendant's film escaped into a lot where children played, but this court in reversing a judgment for the plaintiff said: " The rule seems to be thoroughly settled, at least in this State, that a plaintiff cannot recover in cases of this character unless the article which causes the injury is *inherently dangerous*. These pieces of film were not inherently dangerous, and only became so when they were ignited."

In *Hall* v. *New York Telephone Co.* (214 N. Y. 49, 52) the defendant left a bottle of denatured alcohol, used in its work, upon a public highway where it was found by the plaintiff, aged nine, and his young brother. By ignition the plaintiff was hurt, but this court in reversing his judgment said: " In order to hold the defendant responsible for the result of this accident it must be found that the accident was the natural and probable consequences of the act of the servant in having left the alcohol upon the highway.  *   *   *  We do not agree that the facts in this case created a condition the result of which might under the circumstances have been reasonably expected." (See, also, *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60.)

Gasoline is in common use by automobilists. While cars are parked in streets or public lots, or near playgrounds, gasoline is stored in their tanks from which the caps may be easily removed by mischievous children. Is one to be held liable if an explosion occurs in consequence of such interference and without any notice of the existing condition? It is conceded in this case that the furnace company had no notice, actual or constructive, of the exposed gasoline tank. To go one step farther, is one guilty of negligence for leaving gasoline in his car or in cans properly capped on his own premises, simply because children, his own and others, play around the grounds or garages, and may in play remove the stopper or cap? Such an extension of responsibility is somewhat startling. The next element is our present case. Is an

old and discarded car, kept on private property where children may come, such an inherently dangerous trap or contrivance, if it has some gasoline in its corked tank that liability follows as a matter of course, when some child takes off the stopper and ignites the gasoline?

In my judgment the furnace company could not reasonably be expected to anticipate that its employee's old, dismantled car, stored on its premises, would become a danger through a boy knocking two stones together, or to put the proposition the other way, the company as to playing children was under no duty to examine the car to remove all gasoline as it was reasonably safe where and as it was with the gas tank properly secured, unless some other agency interfered to make it unsafe.

The judgment should be reversed.