JAMES MORSE, an Infant, by HERMAN MORSE, His Guardian ad Litem, et al., Respondents, *v.* BUFFALO TANK CORPORATION, Appellant.

Argued January 12, 1939; decided February 28, 1939.

*Frederick Mellor* for appellant. The presence of the can of dirty gasoline on the defendant's lot was not the proximate cause of the accident. The accident was the result of intervening and unexpected causes which could not have reasonably been anticipated by the defendant and it cannot be found liable on the theory of either negligence or nuisance. (*Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583; 235 N. Y. 605; *Hall* v. *New York Tel. Co.*, 214 N. Y. 49; *Bieckert* v. *G. M. Laboratories*, 242 N. Y. 168; *Babcock* v. *Fitzpatrick*, 221 App. Div. 638; 248 N. Y. 608; *DeRyss* v. *N. Y. C. R. R. Co.*, 275 N. Y. 85; *Rolfe* v. *Hewitt*, 227 N. Y. 486;

*Benenson* v. *National Surety Co.,* 260 N. Y. 299.) Plaintiffs have failed to prove that the proximate cause of the accident was the violation by defendant of any city ordinance. (*Flaherty* v. *Metro Stations, Inc.,* 202 App. Div. 583; 235 N. Y. 605; *Di Caprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94; *Olsen* v. *Fennia Realty Co.,* 246 N. Y. 641; *Lang* v. *N. Y. C. R. R. Co.,* 227 N. Y. 507; *Sarconi* v. *122 West 26th St. Corp.,* 241 N. Y. 340.) The court committed prejudicial errors in charging the jury. (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Sarconi* v. *122 West 26th St. Corp.,* 241 N. Y. 340.)

*Ralph Stout, Stephen Callaghan, Jerome Otis Ellis, Seymour Kempner* and *Elias Bernstein* for respondents. It was a question for the jury whether the defendant was negligent and whether its negligence was the proximate cause of the injury to the infant plaintiff. (*Parnell* v. *Holland Furnace Co.,* 234 App. Div. 567; 260 N. Y. 604; *Peirce* v. *Lyden,* 157 Fed. Rep. 552; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co.,* 209 App. Div. 377; *Hunt* v. *Rundle,* 10 La. App. 604; *Maloney* v. *Kaplan,* 233 N. Y. 426; *Lee* v. *Van Buren & N. Y. Bill Posting Co.,* 190 App. Div. 742; *Hogan* v. *Comac Sales, Inc.,* 245 App. Div. 216; *Hartman* v. *Berlin & Jones Envelope Co.,* 71 Misc. Rep. 30; 146 App. Div. 926; *Payne* v. *City of New York,* 277 N. Y. 393; *Travell* v. *Bannerman,* 174 N. Y. 47.) It was a question of fact for the jury whether the defendant maintained a nuisance on its premises to the injury of the plaintiffs. (*McNulty* v. *Ludwig & Co.,* 153 App. Div. 206; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co.,* 209 App. Div. 377; *Glover* v. *Holbrook, Cabot & Rollins Corp.,* 189 App. Div. 328; *Wetsell* v. *Reilly,* 159 App. Div. 688; *Schuck* v. *Main,* 39 Misc. Rep. 251; *Reilly* v. *Erie R. R. Co.,* 172 App. Div. 476; 177 N. Y. 547; *McCarty* v. *Natural Carbonic Gas Co.,* 189 N. Y. 40; *Heeg* v. *Licht,* 80 N. Y. 579; *Myers* v. *Malcolm,* 6 Hill, 292; *Perry* v. *Rochester Lime Co.,* 219 N. Y. 60; *Prussak* v. *Hutton,* 30 App. Div. 66.) There was no error in the court's charge. (*Fluker* v. *Ziegele Brewing Co.,* 201 N. Y. 40;

*Dodican* v. *Smith*, 221 App. Div. 383; *Orr* v. *B. & O. R. R. Co.*, 168 App. Div. 548; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345; *Khoury* v. *County of Saratoga*, 243 App. Div. 195; *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Heeg* v. *Licht*, 80 N. Y. 579; *Linzey* v. *American Ice Co.*, 131 App. Div. 333; 197 N. Y. 605; *Albee* v. *Chappaqua Shoe Mfg. Co.*, 62 Hun, 223; *Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *Cekala* v. *Mentzinger*, 243 App. Div. 544; *Williams* v. *First Nat. Bank*, 167 N. Y. 594; *Magid* v. *City of New York*, 234 App. Div. 38; 259 N. Y. 618.)

FINCH, J. This is an action to recover for personal injuries based upon alleged negligence.

The question presented is whether want of care may be attributed to a business man in the daily conduct of his business under the following circumstances: Upon the premises of defendant a drip can is left under the faucet of a gasoline drum from which gasoline is taken daily for the refueling of gasoline engines. Two boys trespass upon these premises after the close of business and in the night time, steal the drip can half full of gasoline, take it away from the property of defendant out into the street, and there attempt to throw it upon a fire theretofore started by these boys and others, causing the ignition of the gasoline. The infant plaintiff, a boy of ten, while walking along the street, stopped to look at the fire and, in attempting to run past the fire, tripped and fell into the fire, thereby sustaining the injuries for which suit is brought.

Defendant is in the business of manufacturing metal tanks. Its premises consisted of a metal one-story shop building and a large yard outside of the shop, in which some of the work was done and in which were empty tanks of various kinds and sizes, a caterpillar tractor crane, an air-operated crane and other things. The yard was not fenced. The premises of defendant are on the southwest corner. On the southeast corner is a foundry plant of the New York Dock Company. There are private houses and a store on the northwest corner, and on the northeast corner is a public school. There is evidence which would warrant a jury in

finding that the boys in the neighborhood would come upon the premises of defendant to the knowledge of the officers of defendant. The workmen of defendant would at times make fires in an empty drum to burn up the waste dirty rags and other discarded material. The children would poke and play around these fires and at times the children would sneak in and steal gasoline in small cans. In the course of its business employees of defendant would soften and clean their paint brushes and wash their clothes and hands in the gasoline which had accumulated in the drip can.

On the night in question, after the close of business and while only a watchman was upon the premises, some boys had started in the street outside the place of business of defendant a bonfire. The infant plaintiff, a boy of about ten, while walking along the street, stopped to watch this small fire. There were seven or eight other boys watching the fire, but they were on the side of the street opposite from plaintiff. As the fire was dying down one of the boys went into the yard of defendant and obtained some tar which was in a gallon can and put it on the fire. As the tar burned down this same boy went back into the yard of defendant and saw a drum, in which was a spigot, standing upon a rack. Underneath this drum was a five-gallon can about half full of gasoline, which was dirty as if it had been used for washing. This boy and another carried the can out to the street. They testified they could tell by the smell that it was gasoline. When they were about six feet from the fire the can with its contents was thrown toward the fire. The can did not reach the fire, but landed about two or three feet away, and the contents spread out towards the fire. Plaintiff stated that he felt some of the gasoline splash upon his legs. A puff was then heard and the fire flared up. Plaintiff started to run past the fire to join the other boys. In so doing he ran towards the fire and fell into the fire. The cause of his fall, according to plaintiff, was that he tripped on something or fell from fright. His clothes caught fire when he fell. One of the boys pulled

him out. He then ran across the street to the candy store, turned on a water spigot, " got under it and the boys threw water on him. He was then taken home." There is no evidence that the clothes of plaintiff caught fire until he fell into the fire.

The theory of the action has been two-fold, *first*, negligence, and, *second*, nuisance, the latter being based on a failure of defendant to have a permit for the storage of gasoline in violation of a city ordinance.

The case was submitted to the jury and a verdict found for plaintiff on both counts in the sum of $22,500 for the infant plaintiff and $6,000 for his father.

The count based upon negligence has been maintained upon the theory that defendant knew that children were accustomed to play in and about the premises, and that under these circumstances it was negligent for defendant to leave a can exposed underneath the spigot so as to confine the drippings from the faucet.

On the count based on nuisance, the court charged that the jury might take into consideration a violation of the ordinance of the city of New York which requires the defendant to have a permit for the transport, store or use of gasoline in the city. It is conceded that defendant possessed no such permit.

The general rule which has prevailed since the well-known turntable case (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301) is that the so-called doctrine of attractive nuisance does not apply in New York, and that the only duty which an owner of land owes to a trespasser or bare licensee is to abstain from affirmative acts of negligence or not to injure intentionally such person. (*Vaughan* v. *Transit Dev. Co.*, 222 N. Y. 79; *Hall* v. *International Ry. Co.*, 184 App. Div. 925; affd., 227 N. Y. 619.) In the turntable case, as in the case at bar, stress was laid upon the fact that defendant was doing, upon its own land, that which was necessary to be done to carry on its business. Under such circumstances defendant is not liable for an injury to a child who came upon the land for play not connected with the business of

defendant. It was testified without contradiction that gasoline would drip from the faucet or spigot, and it may be said to be almost a matter of common knowledge that this would happen at least in the act of turning off the faucet. From this it naturally follows that without a drip can under the spigot the ground would become saturated, which might render the defendant liable to its neighbors or otherwise. Gasoline was used by defendant to operate the caterpillar tractor crane, and men filled the tank of the tractor crane by taking gasoline from the drum. While highly inflammable, the use of gasoline does not place the case at bar within the exception concerning the use of inherently dangerous materials. (*Travell* v. *Bannerman*, 174 N. Y. 47.) As Justice SEARS, now presiding justice, said in the concurring opinion in *Flaherty* v. *Metro Stations, Inc.* (202 App. Div. 583, 588; unanimously affd., 235 N. Y. 605): " Further I would not be inclined to class gasoline at the present time as a dangerous explosive (like dynamite or powder). Though somewhat volatile and highly inflammable, it has come into such common use as to be classed rather as one of the everyday necessities of modern life, concerning the keeping of which no such high responsibility should be imposed." The facts in the case of *Flaherty* v. *Metro Stations, Inc.* (*supra*) are strikingly similar to those in the case at bar, as applied to the boys who came upon the premises of defendant and stole the drip can with such gasoline as had accumulated in it. In *Flaherty* v. *Metro Stations, Inc.*, as in the case at bar, the boys built a bonfire and then went to the premises of defendant and stole some gasoline which had been left in a milk can on a platform. While proceeding with the gasoline from the premises of defendant back to the bonfire they threw some on the clothing of one another. When the gasoline was poured upon the fire it flashed up and burned plaintiff. There, too, the gasoline left in the milk can came from the drippings of a hose used in filling the truck tanks. There, too, the boys were accustomed to overrun the premises of defendant and play around the tanks. HUBBS, J., writing for an unanimous court, said:

" In this case the defendant was storing gasoline in the milk can in the ordinary and regular conduct of its own business upon its own land and the plaintiff was not there for the purpose of transacting business with the defendant but was there for the purpose of unlawfully taking the gasoline. If we apply the reasoning of the opinion in the turntable case, there can be no recovery. " (p. 585).

Respondent urges, however, that the person here injured was not a trespasser and one guilty of stealing materials in daily necessary use from the premises of defendant, but a pedestrian who at all times was rightfully upon the public street. Such facts, however, show the injury to this plaintiff to be the result of intervening and unexpected causes which could not have reasonably been anticipated by this defendant. If defendant, in the proper conduct of its daily business, is not guilty of any negligence to a child who, as a trespasser or bare licensee, is injured in coming upon the private premises of defendant for no purpose connected with the business of defendant but only for the purpose of recreation (*Walsh* v. *Fitchburg R. R. Co., supra*), then it is difficult to see how this defendant becomes liable to plaintiff. When materials properly used in its business are stolen by trespassers and transported away from the premises through the unlawful act of others, without the knowledge or consent of defendant, may this transpose an act, otherwise without negligence, into a negligent act of defendant? The acquiescence of plaintiff that these boys were guilty of petty larceny in taking the gasoline negatives any implied consent on the part of defendant. If defendant was free from negligence while the gasoline was properly upon its own premises its acts could not be transformed into negligence through trespass and the stealing of its material and transportation away from the premises. If the act of the landowner on his own premises would not render him liable to a trespasser or licensee, then to create liability in favor of a member of the public, where the damage is occasioned only through the unlawful intervention of this trespasser or licensee, would

impose upon this landowner an additional duty in caring for his own materials upon his own premises, which materials are not inherently dangerous.

Assume that boys were accustomed to playing with pieces of wood scattered about the premises of defendant, and had often stolen such wood to augment fires made away from the premises of defendant, it can hardly be supposed that the failure of defendant to prevent the boys from stealing the wood would impose liability on the defendant to those attending the bonfire.

Let us, however, approach the decision of this case from a different angle. The record contains no evidence that boys had been accustomed to take gasoline to make fires away from the premises. The fact that a pail containing dirty gasoline, left to accumulate the drippings of a faucet, would lead boys to steal the pail and throw the contents at a fire already burning in the public street, into which fire would trip a boy as he attempted to run by and join the others, is a chain of events containing so many new and unexpected causes that the result was not " within the range of reasonable expectation." (*Perry* v. *Rochester Lime Co.*, 219 N. Y. 60, 63, 64; *Bieckert* v. *G. M. Laboratories, Inc.*, 242 N. Y. 168; *Babcock* v. *Fitzpatrick*, 221 App. Div. 638; affd., 248 N. Y. 608.) The common foresight required of business men in the legitimate conduct of their daily business could not reasonably have anticipated such a result.

In the Appellate Division the judgment for plaintiff was affirmed on the authority of *Parnell* v. *Holland Furnace Co.* (234 App. Div. 567; affd., 260 N. Y. 604). That case, however, is distinguishable from the case at bar. There an automobile had been abandoned, not only upon a private driveway but upon a portion of the yard used in common by the defendants and other tenants of the common landlord. The plaintiff was rightfully upon the land at the invitation of one of the other tenants. Under such circumstances the law applicable to the duty owed by an owner of property to a person coming on the land either as a trespasser or as a bare licensee, has no application. Fur-

thermore, in the *Parnell* case plaintiff did not know that there was gasoline in the tank. In the present case the boys who stole knew that the liquid was gasoline and that it would burn, and had taken it for that purpose.

There were also errors at the trial. The trial court committed error when it charged, in the count on negligence, that the lack of a permit by defendant to store and use gasoline might be considered as evidence of the negligence of defendant, and when it charged in the count on nuisance that the storage and use by defendant of gasoline without a permit might be considered evidence of the maintenance of a nuisance. Plaintiffs failed to prove that the proximate cause of the accident was the violation by defendant of any city ordinance. The court read to the jury the provisions which relate to a permit for storing or using gasoline within the city, and also read to the jury another ordinance relating to a permit for the storage of gasoline in a manner satisfactory to the Fire Commissioner. No portion of the ordinances had any application to the facts in the case at bar as showing any evidence that the proximate cause of the accident was the failure of plaintiff to have a permit. At most, these ordinances only show that they are for the prevention of a fire hazard upon the premises.

In *Flaherty* v. *Metro Stations, Inc.* (202 App. Div. 583; affd. 235 N. Y. 605), where, as noted, the facts were similar to those in the case at bar, the court said: " The trial court submitted to the jury the question of the defendant's negligence growing out of the violation of section 302 of the General Business Law, which provides for the kind of structure to be used where oil or its products are kept for sale or are stored in a city. I do not think that section has anything to do with this case. The purpose of that section was not to protect one in the position of the plaintiff and there was no causal connection between the violation of the statute and the happening of the accident." (See, also, *Di Caprio* v. *N. Y. Central R. R. Co.*, 231 N. Y. 94; *Olsen* v. *Fennia Realty Co.*, 246 N. Y. 641; *Lang* v. *N. Y. Central R. R. Co.*, 227 N. Y. 507; *Sarconi* v. *122 West 26th St. Corp.*, 241 N. Y. 340.)

The court also committed prejudicial error when it charged the jury that if it found that defendant maintained a nuisance on its premises and that the injuries of plaintiff were caused by such nuisance, the verdict should be for plaintiff. In so charging the court eliminated the question of contributory negligence from the jury. The law is settled definitely that where nuisance arises from negligence, as in the case at bar, contributory negligence is a defense. (*McFarlane v. City of Niagara Falls*, 247 N. Y. 340.) Counsel for defendant excepted to this elimination and specifically called the attention of the court to the law that in cases of nuisance arising from negligence, contributory negligence is a defense.

These substantial errors of the court, however, become immaterial in view of the failure of plaintiff to prove that defendant was guilty of negligence in the conduct of its business.

It follows that the judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, J. (dissenting). Though errors in rulings may require a new trial, the evidence establishes, in my opinion, a cause of action for damage resulting from injuries to the plaintiff caused by defendant's negligence. The defendant conducted its business upon an uninclosed lot abutting upon a street where boys congregated for play. In its business the defendant used gasoline and naphtha. Employees of the defendant were permitted to wash paint brushes and their clothes and hands in gasoline. The waste gasoline, as it dripped from the spigot of a gasoline tank, was collected in drip cans. Boys playing on the street were suffered to come upon the defendant's premises and to take away waste gasoline or naphtha. In their play they would at times light bonfires in the street and would throw upon the fires the inflammable liquid so taken. All this was known to the employees and agents of the defendant, yet the defendant continued to leave drip cans of gasoline where boys might take them. Some boys did just what the

defendant with that knowledge might have anticipated they would do. They came upon the defendant's land, took away a drip can of waste gasoline and threw the gasoline upon the fire. The gasoline flared up and severely burned the infant plaintiff who, it appears, had not been a party to the trespass upon the land of the defendant and was an innocent spectator of the fire on the street.

The plaintiff's cause of action does not depend upon the doctrine of " attractive nuisance." That doctrine has been rejected in this State. Where the doctrine is accepted it serves to excuse the trespass of children attracted by a dangerous nuisance upon private property. The infant plaintiff was not a trespasser. He was injured while lawfully on the street by exposure there to a danger created in part by the defendant's user of its premises abutting on the street and in part by the wrongful act of other boys in taking the gasoline from the defendant's premises and their negligent act in throwing it upon the fire.

" By acquiescence in the misuse of his property by others, an owner may become, for practical purposes, a participant in such misuse." (*Ford* v. *Grand Union Co.*, 268 N. Y. 243, 251.) Lax control of employees in the conduct of a business on premises abutting upon a public street or of persons suffered to come upon the premises may cause unreasonable risk of bodily injury to others upon the street. Where the owner realizes, or should realize, that persons whom he can control are using his land or his chattels in manner which involves such unreasonable risk of bodily harm to others he may be subject to liability for resultant injury if he fails to exercise reasonable care to prevent such use. (Cf. *Fletcher* v. *Baltimore & Potomac R. R. Co.*, 168 U. S. 135; *Hogle* v. *Franklin Mfg. Co.*, 199 N. Y. 388; American Law Institute, Restatement of the Law of Torts, §§ 313, 317, 371.) In such case " the owner of the property or the employer is under a duty to exercise reasonable care to prevent injury which, as a reasonably prudent man, he should know may otherwise result. Indeed, the problem presented in each case is not so much whether the duty exists, where

the employer has knowledge or notice that lax control may result in injury to others, but whether in the particular case such knowledge or notice was present." (*Ford* v. *Grand Union Co., supra.*)

In this case the evidence supports findings that the defendant knew that boys, at times, would come upon its premises and take away waste gasoline for use in dangerous play upon the street; and that, having such knowledge, the defendant, if it continued to leave gasoline unguarded where boys would be tempted to take it, should have anticipated that injury might follow to persons lawfully upon the street. Temptation to children to trespass may not, in this State, excuse a trespass by children, who succumb to the temptation, or place upon the occupier of land any duty to exercise care for the safety of the youthful trespassers, but where the occupier of land knows that he is creating or maintaining upon his lands a condition which lures children to trespass and through their trespass to endanger the safety of persons lawfully on the street, then the conditions maintained upon the land constitute a proximate cause of injury suffered by the wayfarers on the street. Towards them, at least, the occupier owes a duty of care, and intervening negligence or wrong by third parties breaks the chain of cause and effect, connecting conditions maintained by the occupier of the land with the injury suffered by a wayfarer on the street, only if the occupier of the land, in the exercise of reasonable care, should not have anticipated such intervening wrong.

" The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

" (a) the actor at the time of his negligent conduct should have realized that a third person might so act." (Restatement of the Law of Torts, § 447.)

Natural laws may in some cases directly and inexorably lead from known cause to known effect, while in other cases

human action, variable and difficult to predict, intervenes and gives to known cause an effect it would not otherwise have. The test of responsibility for injury caused by act or neglect is always whether a reasonably prudent person would anticipate that from particular act or neglect, injury to another might follow. Where human intervention by third parties, whether by lawful or wrongful act, may be foreseen by the prudent, such intervention must be taken into account. If the course can be charted in advance from cause to injury it is unimportant whether the course is dictated by inexorable natural law or by arbitrary human act.

The judgments should be reversed and a new trial ordered.

CRANE, Ch. J., O'BRIEN, HUBBS and RIPPEY, JJ., concur with FINCH, J.; LEHMAN, J., dissents in opinion, in which LOUGHRAN, J., concurs.

Judgments reversed, etc.