Mario Pittoni, J.
Defendants bought their two-acre residential property in 1951, and in 1956 they built a 20-foot by 40-foot unfenced swimming pool thereon in an area toward the back of their land and partially hidden from neighbors’ views by foliage. Defendants’ land was separated from plaintiff’s residential two-acre property by no barrier or fence, but only by a narrow dirt road that straddled both lands. On October 7,1961, plaintiff’s three-year-old daughter was found drowned in defendants’ pool. How she got to or into the pool, nobody knows; in fact, she had never been seen near the pool. Plaintiff, as administrator, now sues defendants, pursuant to sections 130 and 132 of the Decedent Estate Law, for his daughter’s wrongful death.
New York has not adopted the “ turntable doctrine ” or the “attractive nuisance” theory recognized by the majority of the States. The New York law is succinctly stated in Beauchamp v. New York City Housing Auth. (12 N Y 2d 400, 405) where the court said: “Under the common-law authorities in this State an owner’s only responsibility with respect to trespassers, including infants (see, e.g., Morse v. Buffalo Tank Corp., 280 N. Y. 110), is to refrain from inflicting willful, wanton, or intentional injuries (Carbone v. Mackebil Realty Corp., 296 N. Y. 154, 158-159, supra; Mendelowits v. Neisner [258 N. Y. 181], supra). The affirmative creation of a trap (Mayer v. Temple Props., 307 N. Y. 559) or the maintenance of an inherently dan *257 gerous article without exercising a high degree of care to prevent foreseeable injury to others (Kingsland v. Erie County Agric. Soc., 298 N. Y. 409) has been deemed the equivalent of a willful, wanton or intentional act (Mayer v. Temple Props., 307 N. Y. 559, 565, supra; Brzostowski v. Coca-Cola Bottling Co., 16 A D 2d 196, 200-201).”
The high watermark in holding a defendant liable in New York for the maintenance of an inherently dangerous article without exercising a high degree of care to prevent foreseeable injury to others, so as to be deemed the equivalent of a willful, wanton or intentional act, was reached in Mayer v. Temple Props. (307 N. Y. 559, 565). There defendant maintained a 55-foot deep opening for a hoist, covered by a weak wooden crust, in a congested area frequented by thousands of children, and defendant’s property was from time to time entered by some of these children, with defendant’s knowledge. The court held that the weak wooden crust which covered the opening gave such an appearance of safety as to constitute a trap. In the present case, a pool cannot be considered an affirmatively created trap. It did not give a deceptive appearance of safety, and no one had ever seen any children playing near or at the swimming pool. Furthermore, no one knows whether plaintiff’s child, or any child, was ever attracted to the pool or how the child got to or into the pool. Under present New York law, therefore, defendants cannot be held liable for the death of plaintiff’s child.
Plaintiff urges that the Court of Appeals has in recent years shown signs of relaxing some of its prior holdings and has shown willingness to change in areas such as negligence, warranties and jurisdiction over accidents. (Actions now allowed: for injury due to fright, Battalla v. State of New York, 10 N Y 2d 237; for injury to child before birth, Woods v. Lancet, 303 N. Y. 349; for damages for breach of warranty even without privity between the immediate parties, Goldberg v. Kollsman Instr. Corp., 12 N Y 2d 432; Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5; Greenberg v. Lorenz, 9 N Y 2d 195; for damages against hospitals for negligence of hospital employees, Bing v. Thunig, 2 N Y 2d 656; and for accidents occurring in other jurisdictions where “ center of gravity” or “ grouping of contacts ” was in New York, Babcock v. Jackson, 12 N Y 2d 473.) Therefore, says the plaintiff, the Court of Appeals might adopt the majority view in respect to the “ turntable doctrine ” or the “ attractive nuisance ” theory. The courts which have adopted those views feel that parents cannot continually follow children or keep them under close observation, and that a trespassing child without maturity or lack of judg *258 ment cannot be expected to look out for himself sufficiently. They also feel that the one who can, with the least inconvenience, protect children who trespass is the owner of the land, and that there is a social interest in the protection of children (Prosser, Torts [2d ed.], 1955, eh. 15, § 76). However, even under the “ turntable doctrine ” or the “ attractive nuisance ” theory, the place where the condition was maintained must be one upon which the possessor knows, or should know, young children are likely to trespass, and the condition must be one that the occupier of the land should recognize as involving reasonable risk of harm to such children. But, in the present case, no one knows whether any children were ever attracted to the pool, whether the deceased child was ever attracted to the pool, or how the child got to or into the pool. Thus, even under the ‘ ‘ turntable ’ ’ or “ attractive nuisance ” doctrines, plaintiff has failed to make out a cause of action. The complaint must be and is dismissed.