■ MATTHEW PATTERSON, by His Guardian ad Litem MATTHEW J. PATTERSON, et al., Appellants, v. PROCTOR PAINT AND VARNISH COMPANY, Respondent. — In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered March 13, 1964, in favor of defendant, upon the trial court's dismissal of the complaint at the close of the evidence upon a jury trial. Judgment affirmed, with costs. No opinion. Christ, Hill and Rabin, JJ., concur; Beldock, P. J., and Benjamin, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: The defendant paint company owned a lot to the north of and adjoining its factory in Yonkers. At least six fill pipes extended out one or two feet from the factory wall over the area of the lot. The answer admitted that these pipes received solvents used in connection with defendant's business. The lot was used by defendant's employees for the dumping of rubbish, which was frequently disposed of by burning; and the lot was frequently used as a play area by children. The answer admitted that defendant had been harassed by children playing on, near and in the vicinity of its premises and that it had discouraged this practice as far as possible. The pipes which extended out over the lot could be opened only through the use of a tool. The jury could have found that for some two months prior to the accident a liquid had been dripping from one of the pipes into a can which had been placed underneath it. The can had been placed there by defendant's employees. On Sunday, October 29, 1961, while the factory was closed, the infant plaintiff, then 12 years old, and his 9-year-old brother John approached the lot. The infant plaintiff climbed over a low stone wall, went over to the area of the pipes, picked up the pail and carried it back towards the wall. The contents of the pail were splashing over his overalls as he carried the pail. When he approached the wall with the pail he suggested to John that they play "fireman", a game in which a fire is started and then extinguished. When the pail was placed on the wall, John looked into it and saw that it was half full with a liquid that looked like water. The infant plaintiff poured some of the liquid into a Kleenex box and then sat on the wall and kindled a rolled-up piece of paper with a match (he was smoking a cigarette at the time) and dropped it near the Kleenex box. When the fire became bigger, he poured the liquid from the pail onto the burning paper. The fire flared up and ignited on his pants where they had previously been splashed with the liquid. The drip pail contained turpentine. In this case a question of fact for the jury's determination was present as to whether, under these circumstances of a continued leak of a highly inflammable substance into a drip can from a pipe which extended from the rear of the factory building out over a vacant lot in which children frequently played in a residential area, defendant "created or maintained an inherently hazardous situation, the consequences of which may well have been anticipated" (*Carradine* v. *City of New York*, 13 N Y 2d 291, 295). In our opinion the holding in *Morse* v. *Buffalo Tank Corp.* (280 N. Y. 110) is distinguishable since, in that case, the defendant was exculpated because it was a part of the normal business operation of the defendant for gasoline to drip from the faucet of a gasoline drum in constant business use, and overflow gasoline dripping into a container was not negligence, while in this case the pipe from which the inflammable liquid dripped was apparently not in constant business use; nor was it intended that liquid drip from the end of the pipe.