■ GARY BURDEAU, an Infant, by THERESA M. BURDEAU, His Parent, et al., Respondents, v. HAROLD BURDEAU, Appellant.— HERLIHY, J. Appeal by the defendant from a judgment entered upon a trial verdict awarding damages for negligence to the plaintiffs. The defendant, among other things, contends that the trial court erred in allowing the jury to consider whether or not the plaintiff was an invitee upon the defendant's premises and that the court erred in charging the jury that on the facts of the case they might find that the open container of gasoline which resulted in injury to the plaintiff infant was a hazardous situation. As to whether or not the infant was an invitee, the photographs of the premises admitted into evidence clearly establish that the area where the accident occurred and where the plaintiffs lived was contiguous and that there was no physical separation of the properties. Since the defendant owned both parcels of property and the plaintiffs were invitees on the parcel where they lived, it could be inferred that the plaintiffs were invitees as to the entire property. In any event, the defendant took no exception to the court's charge as to the question of invitee and that it was a question for the jury and accordingly, the charge has become the law of the case. As to the alleged error in letting the jury consider whether or not the defendant had created a hazardous situation, the court had charged that in regard to being an invitee, the defendant's duty was one of reasonable care and the "hazardous situation" instructions were limited to trespassers and licensees. The trial court specifically charged that gasoline is not an inherently dangerous substance or material as a matter of law. We cannot say on the present record that leaving an unidentified uncovered container of gasoline in one's residential yard at night is not sufficient to create an inherently hazardous condition. (Cf. *Carradine* v. *City of New York*, 13 N Y 2d 291; but see *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110.) With the exception of the further claim that the verdict for the plaintiff father was excessive, the defendant's other contentions are without merit. The jury awarded the father $8,000. The proof shows hospital and physician's expenses totaling $6,258.55. There is no proof of the loss of any services nor was there any proof of expenses incurred by virtue of trips to the hospital by the mother and father and accordingly the verdict must be reduced to $6,258.55. Judgment and order, in respect of the derivative cause of action only, reversed on the law and the facts, and a new trial of said derivative cause of action ordered unless, within 20 days after entry of the order hereon, plaintiff shall stipulate to reduce the amount of the verdict upon said derivative cause of action to $6,258.55, in which event order and judgment upon said derivative cause of action, as so reduced, affirmed; failing such stipulation such new trial of the derivative cause of action to be restricted to the issue of damages; and judgment and order in all other respects affirmed, without costs. Gibson, P. J., Aulisi, Staley, Jr., and Brink, JJ., concur with Herlihy, J.