GEORGE H. TOLL, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 48148.)

Third Department, April 29, 1969.

*Segan, Culhane & Cembalest* (*Benjamin H. Siff* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Levinson, Jenkins & Cassidy* of counsel), for respondent.

COOKE, J.  This is an appeal from a judgment entered May 13, 1968, upon a decision of the Court of Claims, dismissing appellant's claim for personal injuries, following a trial on the issue of liability.

While it was snowing heavily and when visibility was poor, claimant, operating his automobile in the third or inside lane of the westbound portion of the six-lane Cross-Westchester Expressway, came in contact with the State's truck, in the same lane and on a snow plowing mission, shortly after midnight on March 7, 1967.  Sharp issues arose on trial, claimant testifying that the truck was stationary and without lights when hit, with the State's driver swearing it was moving at 20–25 miles per hour with two headlights, a revolving amber dome light, two regular taillights and two red flashers all operating.

The report of the State trooper, who investigated but did not witness the accident, and the accident report of the snow plow operator, made 15 days after the event and filed with the Department of Public Works, were admitted over objections. Appellant contends that the former was improperly received because of its conclusional content and its authorship by an officer who did not witness the accident, and the latter because of not being prepared within a reasonable time after the occurrence.

Subdivision (a) of CPLR 4518 provides for the introduction into evidence of a record made in the regular course of any business, where it was the regular course of such business to make it, and it was made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. In *Johnson* v. *Lutz* (253 N. Y. 124 [1930]), the exclusion of a police report was upheld and the Court of Appeals read into the then existing statute a requirement, not expressly found in it, that, to be admissible, the person making the police report be the witness or that the person supplying the information to the entrant be under a business duty to do so (p. 128). (Cf. *Cox* v. *State of New York*, 3 N Y 2d 693, 699 [1958]; *Trbovich* v. *Burke*, 234 App. Div. 384 [1932].) Then, in *Kelly* v. *Wasserman* (5 N Y 2d 425 [1959]), in allowing the receipt of a record of the Welfare Department reciting statements of defendant, it appeared that the requirement that the informant be under a business duty to impart the information was abandoned. (Cf. *Gutin* v. *Mascali & Sons*, 11 N Y 2d 97, 99 [1962].) In *Zaulich* v. *Thompkins Sq. Holding Co.* (10 A D 2d 492 [1st Dept., 1960]), where plaintiff's at trial version of an accident was at variance with that given by him at the scene to a policeman and then recorded in the police report, the report was held to be admissible as a record made in the regular course of business and that it was, in any event, competent evidence to rebut the inference by plaintiff's counsel that the patrolman's testimony was a recent fabrication. In *Chemical Leaman Tank Lines* v. *Stevens* (21 A D 2d 556 [3d Dept., 1964]), a deputy Sheriff's report containing defendant's description of an accident, which was at variance with that related by her on trial, was received, it being held that the report was admissible as a business record and that the statements to the deputy were admissible as admissions of a party.

It is important that these decisions be reconciled and we adopt the following as a workable guide regarding the admission of police officer reports in accident cases. Subdivision (a) of CPLR 4518 permits a police report to be admitted as proof of the facts recorded therein if (1) the entrant of those facts was the witness, or (2) the person giving the entrant the information was under a business duty to relate the facts to the entrant (*Johnson* v. *Lutz, supra*). If neither of these two requisites is satisfied but the report recites a statement of an outsider, the record may be admitted (under *Kelly* v. *Wasserman, supra*), to prove that the statement recorded therein was made by the outsider (even though the main facts set forth in the business record are hearsay and excludable pursuant to

*Johnson*) and, then, the facts recited in the statement may be proven by the business record if the statement qualifies as a hearsay exception, e.g., an admission, as in *Kelly* and *Chemical Leaman*. (Barker, Admissibility of Investigational Reports Under Business Records Statutes, 33 Albany L. Rev. 251; Prince, Evidence, 16 Syracuse L. Rev. 459–460; Prince, The Hearsay Rule, Practising Law Institute, Litigation Series, Trial Evidence, pp. 18–7 to 18–11; Supplementary Practice Commentary by Joseph M. McLaughlin, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 4518, Supp., pp. 87–89; cf. *Mahon* v. *Giordano*, 30 A D 2d 792; *Yeargans* v. *Yeargans*, 24 A D 2d 280.) Here, the collision not having been witnessed by the State trooper and there being no proof that whoever gave him the facts had a business duty to do so, the report is not admissible to prove the main facts; and, since no other hearsay exception applies to the information from outsiders to the trooper, *Kelly* does not apply and the admission of the report was error.

The police report having contained the conclusion of the officer as to the factors contributing to the impact and it being impermissible for the officer to testify to his conclusions, his written conclusions should have been excluded, if the report had been otherwise acceptable (*Albert* v. *Stumpf*, 30 A D 2d 686; *Bothner* v. *Keegan*, 275 App. Div. 470, 472). The business entry statute lifts the barrier of the hearsay objection; it does not overcome any other exclusionary rule which might properly be invoked (Richardson, Evidence [9th ed.], § 235; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4518.18).

The statutory requirement that the business record be prepared within a reasonable time after the occurrence, i.e., while the memory of the event was still fresh enough to be fairly reliable, should not be too rigidly applied and did not prevent the introduction of the accident report of the truck driver (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4518.02, 4518.17; McCormick, Evidence, p. 601). The self-serving aspect of this report did not preclude its admissibility under the statute, it being merely a consideration affecting its weight (*Bromberg* v. *City of New York*, 25 A D 2d 885; *Bishin* v. *New York Cent. R. R. Co.*, 20 A D 2d 921).

The trial court's decision states that the Cross-Westchester Expressway contains a center mall dividing "two-lane pavements" on each side of the mall and that claimant "was not observing the posted regulation requiring travel in the right or driving lane but was driving in the mall or passing lane". Respondent's brief, however, concedes that each pavement consisted of three lanes and that there was no proof of "posted

regulations ''. The consideration of an inapplicable statute and regulation on such a vital facet of the issue of liability also requires reversal (cf. *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110, 119; *Sarconi* v. *122 West 26th St. Corp.*, 241 N. Y. 340; *Uliaszek* v. *Buczkowski,* 259 App. Div. 967; *Flaherty* v. *Metro Stations,* 202 App. Div. 583, 587, affd. 235 N. Y. 605).

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs.