■ ROULMALDO MARTINEZ, an Infant by His Mother and Natural Guardian, ROSA MARTINEZ, et al., Respondents, v. KAUFMAN-KANE REALTY CO., INC., Appellant.— Judgment, Supreme Court, Bronx County entered on or about July 31, 1973, affirmed on the opinion of Drohan, J., at Trial Term. Concur — Murphy, Tilzer and Capozzoli, JJ.; Markewich, J. P., and Kupferman, J., dissent in the following memorandum by Kupferman, J.: We dissent and would reverse and dismiss the complaint. The issue in this case is simple, but its resolution may be considered difficult in view of the sympathy which naturally arises for the plaintiff and his family. A 15-year-old boy was seriously injured while pursuing a shuttlecock, which landed on the second-story platform of a fire escape above a sidewalk store near which plaintiff and a friend were playing badminton in the street one night. First the plaintiff climbed a securely fastened protective metal gate in front of the store window, which gate was some 10 feet high, and from the gate reached for the fire escape ladder above, which was attached to the fire escape by hinges. The unhinged end of the ladder was held up by a cable. The cable broke and the plaintiff was thrown off the top of the gate to the sidewalk where he was pinned under the ladder. It is clear that the cable had been allowed to deteriorate and that the defendant would be liable if the plaintff were not a trespasser. The only issue is whether the plaintiff comes within any recognized exception to the technical trespass situation. In *Beauchamp* v. *New York City Housing Auth.* (12 N Y 2d 400, 405) the Court of Appeals stated: "Under the common-law authorities in this State an owner's only responsibility with respect to trespassers, including infants (see, e.g., *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110), is to refrain from inflicting willful, wanton or intentional injuries (*Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154, 158–159, supra; *Mendelowitz* v. *Neisner, supra*). The affirmative creation of a trap (*Mayer* v. *Temple Props.*, 307 N. Y. 559) or the maintenance of an inherently dangerous article without exercising a high degree of care to prevent foreseeable injury to others (*Kingsland* v. *Erie County Agric. Soc.*, 298 N. Y.

409) has been deemed the equivalent of a willful, wanton or intentional act (*Mayer* v. *Temple Props.*, 307 N. Y. 559, 565, *supra*; *Brzostowski* v. *Coco-Cola Bottling Co.*, 16 A D 2d 196, 200–201)." We have examined the record and analyzed the situation and cannot find a basis for the application of a recognized exception. It has been suggested that a fire escape ladder supported by a deteriorated cable is inherently dangerous. In its normal use it is not necessarily so, and if a further exception is to be created, it is for the Court of Appeals to tell us so. [74 Misc 2d 341.]