■ WAYNE ROBERTS et al., Appellants, v STATE OF NEW YORK, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: The evidence adduced at trial amply sustains the court's determination of claimant's trespasser status at the time of the accident with no breach of duty as to him by the State in the erection of a clearly visible cable barrier across the towpath roadway. The factual situation fails to qualify within any recognized exception to the duty owed a trespasser. As stated in Beauchamp v New York City Housing Auth. (12 NY2d 400, 405): "Under the common-law authorities in this State an owner's only responsibility with respect to trespassers, including infants (see, e.g., Morse v. Buffalo Tank Corp., 280 N. Y. 110), is to refrain from inflicting willful, wanton or intentional injuries (Carbone v. Mackchil Realty Corp., 296 N. Y. 154, 158–159, supra; Mendelowitz v. Neisner, supra). The affirmative creation of a

trap *(Mayer v. Temple Props.,* 307 N. Y. 559) or the maintenance of an inherently dangerous article without exercising a high degree of care to prevent foreseeable injury to others *(Kingsland v. Erie County Agric. Soc.,* 298 N. Y. 409) has been deemed the equivalent of a willful, wanton or intentional act *(Mayer v. Temple Props.,* 307 N. Y. 559, 565, *supra; Brzostowski v. Coca-Cola Bottling Co.,* 16 A D 2d 196, 200–201)." Upon our examination and analysis of the record there exists no basis for the application of any of the foregoing recognized exceptions. Alternatively, even assuming that claimant was not a trespasser though the trial court found otherwise, but was a licensee, the determination of his contributory negligence is amply sustained, foreclosing recovery. The causative factors of the accident were primarily the nature and speed of the vehicle which claimant was operating, being a motorbike with inherent deficiencies in braking power and stability, as opposed to the legitimately erected visible cable barrier. (Appeal from judgment of Court of Claims—negligence.) Present— Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.