■ OCEAN ROAD TERRACE CO-OPERATIVE APTS., INC., Respondent, v. NECKO OPERATING CORP. et al., Appellants.— In an action by the corporate owner of a co-operative apartment house to recover damages for breach of a building construction contract, against the builder and its surety, the defendants appeal from an order of the Supreme Court, Kings County, entered May 28, 1963, which denied their motion to dismiss the action for lack of prosecution, upon the condition that, within a specified time, the plaintiff shall notice the cause for trial and pay $100 costs to defendants. The $100 was duly tendered to and received by the defendants prior to their filing a notice of appeal from the order, and the said sum has been retained by them. Defendants admit their receipt and retention of the $100. Upon the argument of the appeal, plaintiff renewed its motion to dismiss the appeal on the ground that the defendants' acceptance and retention of the $100 paid to them pursuant to the order, constituted a waiver by them of their right to appeal from the order. Motion granted; appeal dismissed, with costs (*East Coast Attic & Basement Co.* v. *Cytryn*, 13 A D 2d 688; *James* v. *Ouimet*, 283 App. Div. 819). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ MILDRED PANELLA, Respondent, v. TRUSTEES OF ST. PATRICK'S CATHEDRAL, Appellant.— In an action to recover damages for personal injury allegedly caused by defendant's negligence, the defendant appeals from an order of the Supreme Court, Queens County, dated February 15, 1963, which denied its motion, made upon the jury's disagreement after trial, for a directed verdict, pursuant to section 457-a of the former Civil Practice Act. Order reversed on the law, with costs; defendant's motion for a directed verdict in its favor granted; and complaint dismissed. The proof does not present any issue of fact, and no such issue was considered. Plaintiff testified that she was caused to fall by the existence of a heap of sweepings, dirt, pebbles and stones, alongside a grave she was visiting at defendant's cemetery; and that there were men working in the area. There was no evidence as to how the heap originated. While it might be inferred that it was created by the men working in the area, there is no evidence connecting these men with the defendant. Nor is there any evidence of actual notice; and the only evidence of constructive notice is that the condition had existed, before plaintiff's fall, for a period of an hour or an hour and a half. In our opinion, the evidence of constructive notice was insufficient, as a matter of law, to form a basis for submission of the case to the jury. Beldock, P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.