■ MARJORIE DEUTSCH, as Guardian ad Litem of CHRISTOPHER DEUTSCH, an Infant, et al., Respondents, v. DOCTORS HOSPITAL, INC., Appellant, et al., Defendants.— Judgment unanimously reversed, on the law and on the facts, and a new trial ordered on the ground that the verdict is against the weight of the credible evidence, with costs to abide the event. On the prior appeal (19 A D 2d 593) a new trial was directed since the verdict was against the weight of the evidence as to the alleged occurrences in the delivery room and their causal relation to the infant plaintiff's mental retardation. We find no additional evidence in this record relative to said issues. We are compelled to conclude that the evidence in the record as it now stands as to the application of force to the infant's head is too tenuous reasonably to satisfy a jury thereon and to supply a factual basis for the testimony of plaintiffs' medical experts. (*Quinones* v. *St. Vincent's Hosp.*, 20 A D 2d 529.) Plaintiff mother testified that during the second stage of her delivery of the infant plaintiff, on February 3, 1957, a nurse "grabbed a towel and stuck it between my legs and forced the baby's head back as hard as she could with all her strength." The mother obviously was stating her opinion of what was transpiring at a time

when she was lying supine and suffering excruciating pain. The other persons present in the delivery room affirmed there were no physical interruptions or interference with the natural birth. Moreover, the mother's testimony that the infant was born with a bluish cast is rebutted by the hospital record. The hospital record of a hospital other than defendant's hospital in which the infant plaintiff was hospitalized from May 19 to June 19, 1958 has a final diagnosis of mental retardation. The pediatrician who had the infant under his care from the day of birth to the date of trial testified that he was unable to state with a reasonable degree of certainty, as a pediatrician, what may have caused the mental retardation. An analysis of the testimony of all the medical experts conclusively establishes that mental retardation can be brought about by a wide variety of circumstances. Plaintiffs, however, sought to establish the conceded mental retardation was caused by the application of force for which the appellant is liable. No other causative factor is relied upon. The hospital records, including X-ray and encephalographic findings, and the testimony of plaintiffs' pediatrician, fail to support this theory. The record might warrant a dismissal on the ground that the proof of the traumatic origin of the condition complained of is insufficient and the premise on which the conclusions of plaintiffs' experts are based is too "contingent, speculative, or merely possible" to sustain the verdict. (*Matter of Riehl* v. *Town of Amherst,* 308 N. Y. 212, 216.) However, the record presents unusual circumstances and by reason thereof we order a new trial to afford the plaintiffs further opportunity to adduce any other available evidence as to the alleged cause of the infant plaintiff's mental retardation and appellant's liability therefor. (See *Grossman* v. *Boisseau,* 104 N. Y. S. 2d 858, 861, affd. 279 App. Div. 1051, mot. for lv. to app. den. 280 App Div. 862; *Gutman* v. *Weisbarth,* 194 App. Div. 351, 354.) Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.