JOSEPH LONDA, as Administrator of the Estate of JOSEPH LONDA, JR., Deceased, Respondent, et al., Plaintiff, v. DOUGBAY ESTATES et al., Appellants. — In an action to recover damages for wrongful death, defendants appeal from a judgment of the Supreme Court, Queens County, entered June 3, 1971, in favor of the plaintiff, upon a jury verdict of $30,000. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. The record reveals that on Saturday afternoon, October 28, 1967, plaintiff's intestate, a six-year-old male, was found lying unconscious on the property of defendant Dougbay Estates, on building material in the front yard of a house under construction. He was taken to a hospital where he died that evening without ever regaining consciousness. There were no competent eyewitnesses to the occurrence. We are constrained to hold that the record is devoid of any facts from which a fair inference could be drawn that the death of the child was caused by his tripping and falling over the construction material. Indeed, the case is bare of any facts indicating how the accident happened. In the absence of such proof, plaintiff is not entitled to a verdict (cf. *Brownrigg* v. *Boston & Albany R. R. Co.,* 8 A D 2d 140). We are also of the opinion that while the courts of this State have moved away from the automatic and literal application of the trespass doctrine with respect to children injured by dangerous conditions on land, the cases enunciating the more liberal policy involve conditions which are either inherently dangerous or which may be equated to a trap (see *Patterson* v. *Proctor Paint & Varnish Co.,* 21 N Y 2d 447, and cases discussed therein). Building materials located in plain view at a construction site for use on the project do not fit either category; they constitute, in such situation, an integral part of normal business operations. We are further of the opinion that the trial court should have charged the jury that the child was a tres-

passer as a matter of law and, thereafter, explained what law is applicable in such a status. The charge given by the trial court related to a dangerous condition, rather than negligence with regard to such a condition. Since the record shows unusual circumstances, we are granting a new trial in order to afford plaintiff opportunity to adduce other evidence as to whether the child's injury and death were caused by the negligence of defendants (cf. *Deutsch* v. *Doctors Hosp.*, 21 A D 2d 775). Hopkins, Acting P. J., Latham, Gulotta and Benjamin, JJ., concur; Shapiro, J., dissents and votes to affirm the judgment, with the following memorandum: Plaintiff's intestate, a six-year-old male, was found lying unconscious on the property of defendant Dougbay Estates, on Saturday afternoon, October 28, 1967. The subject premises was a construction site upon which Dougbay was building one-family homes. There were no adult eye witnesses as to how the boy was injured. He was taken to a hospital where he died. The verdict in favor of this plaintiff-administrator for the death of his son is now being set aside by my brothers upon two stated grounds, with both of which I disagree. They also say that "the record shows unusual circumstances" and they therefore "are granting a new trial in order to afford plaintiff opportunity to adduce other evidence as to whether the child's injury and death were caused by negligence of defendants." If the reasons they give for their reversal are correct, I see no basis for a new trial, since no proof can possibly overcome the conceded fact that the boy was a trespasser on Dougbay's land in the conventional sense of that term. Now for my reasons. True it is that the decedent was a trespasser on Dougbay's unfenced land which was adjacent to the sidewalk and which was strewn with piles of dirt, builder's debris, stone, rubble and various building materials, but, since it is not disputed that appellants had been warned that children were using the land as a virtual playground and of the dangers posed to them thereby, I see nothing in the boy's status as a trespasser to preclude a recovery (Comments: Landowner's Liability to Infant Trespassers: Status of the Law in New York, 25 Fordham L. Rev. 290). As Judge Bergan pointed out in *Patterson* v. *Proctor Paint & Varnish Co.* (21 N Y 2d 447, 450): "There are, indeed, New York cases which, treating a child injured by a dangerous condition in a place to which he was without legal right of access, as a trespasser, have denied recovery on this ground alone. The turntable case, *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301 [1895]), is a protein example and was followed literally in *Flaherty* v. *Metro Stas.* (235 N. Y. 605 [1923]) and *Morse* v. *Buffalo Tank Corp.* (280 N. Y. 110 [1939]). But as a rigid concept by which all such cases are to be at once dismissed, the 'trespass' theory applied to children injured by dangerous conditions on land of owners having notice of the presence of children and the existence of danger has lost force as the law in New York has developed." Then, after citing a number of cases in which infant trespassers had been permitted to recover (*Collentine* v. *City of New York*, 279 N. Y. 119; *Mayer* v. *Temple Props.*, 307 N. Y. 559; *Levine* v. *City of New York*, 309 N. Y. 88; *Soto* v. *City of New York*, 9 N Y 2d 683), Judge Bergan continued (p. 451): "It will be observed that in each of these cases the injured child was in greater or lesser degree a 'trespasser' in the classic sense that he had no right to be there, but this alone was not held a sufficient ground to bar recovery. *Thus the court has moved away from an automatic and literal application of the trespass doctrine to the children injured by dangerous conditions on land*" (italics added). While it is true that in this case we are dealing with non-volatile substances, the clear import of the *Patterson* opinion, based upon the trend of the decisions here and in other jurisdictions, does not limit a recovery solely to situations involving volatile substances or "trap" conditions, as the

cases cited in *Patterson* make clear. To illustrate: In the *Collentine* case (*supra*), the plaintiff, a 10-year-old boy, was injured when he fell from the roof of a building in a public park after stubbing his foot on one of the iron bars on the edge of the roof. At the time of the accident there were some 30 other children playing on the roof, which had no railing or fence to guard children or others using the roof against falling off. There was evidence that one of the two stairways at each end of the building leading up to the roof was free of any barricade against entry. The Court of Appeals held that there was evidence from which it might be found that there was a clear invitation to children playing in the park to run up the steps of the building where the accident occurred and play on the roof. As to them, said the court (279 N. Y. 119, 125) : " The defendant was bound to exercise reasonable care to see that the building was safe for their use and to exercise suitable supervision over its use (*Curcio* v. *City of New York, supra*). In deciding what would be reasonable care under the circumstances, the jury were entitled to take into consideration the well-known propensities of children to climb about and play (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567, affd. 260 N. Y. 604). That rule applies even though a child might be deemed technically a trespasser (*Connell* v. *Berland*, 233 App. Div. 234, affd. 248 N. Y. 641)." I believe that section 339 of the Restatement of the Law of Torts (2 Restatement, Torts 2d, § 339, p. 197) correctly sets forth the law to be applied to so-called infant trespasser cases when it states : " A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children." Thus I find no merit in the conclusion of the majority that " the cases enunciating the more liberal policy [dealing with infant trespassers] involve conditions which are either inherently dangerous or which may be equated to a trap " (bracketed matter supplied). The majority also contends that there is no proof " from which a fair inference could be drawn that the death of the child was caused by his tripping and falling over the construction material " and that " In the absence of such proof, plaintiff is not entitled to a verdict ". Appellants in their brief, in making the same contention, urge that it is just as likely that " the boy may have been struck in the head by a brick or piece of wood thrown by his brother or the other boy with whom he was playing ". Both arguments, it seems to me, overlook the fact that: (1) this is a death case, in which the plaintiff's burden of proof under the *Noseworthy* doctrine (*Noseworthy* v. *City of New York*, 298 N. Y. 76) is not as stringent as in the ordinary case, and (2) the infant was found with a stone *under his head* and a 2 by 4 piece of lumber over his legs. It is true that there is no eyewitness to tell us how this happened, but the jury had a right to conclude from all of the surrounding circumstances (including the conditions portrayed on the photographs in evidence) that it was the condition of the land that caused the infant to be

found in the position in which he was discovered by the witness who removed him from the debris. As was pointed out in *Ingersoll* v. *Liberty Bank of Buffalo* (278 N. Y. 1, 7) : " ' The plaintiff was not required to offer evidence which positively excluded every other possible cause of the accident.' (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166.) The existence of remote possibilities that factors other than the negligence of the defendant may have caused the accident, does not require a holding that plaintiff has failed to make out a *prima facie* case. It is enough that he shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred. (*Stubbs* v. *City of Rochester*, 226 N. Y. 516.) " Reiterating the rule laid down in *Ingersoll*, the Court of Appeals in *Dillon* v. *Rockaway Beach Hosp. & Dispensary* (284 N. Y. 176, 179) said: " Circumstantial evidence is sufficient if it supports the inference of causation or of negligence even though it does not negative the existence of *remote* possibilities that the injury was not caused by the defendant or that the defendant was not negligent. ' It is enough that he [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.' (*Ingersoll* v. *Liberty Bank*, 278 N. Y. 1, 7; *Cornbrooks* v. *Terminal Barber Shops, Inc.*, 282 N. Y. 217, 223; *Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166; *Martin* v. *Herzog*, 228 N. Y. 164, 170.) " The correct rule to be applied here, it seems to me, is concisely set forth in New York Jurisprudence (67 N. Y. Jur., Wrongful Death, § 251), which states: " In order to establish defendant's negligence [in a wrongful death action], plaintiff is not required to exclude or eliminate every other possible cause of death, or to point out the precise act or omission which caused the injury. Where it is proved that the act of the wrongdoer was sufficient to cause the injury from which the decedent died, and such act repels the idea of any other, and there is no evidence to prove that the injury was produced by some other cause, evidence that the injury might have been produced by many other causes is insufficient to warrant a legitimate inference that the injury was inflicted otherwise than by the defendant's act ". (See, also, *Gutierrez* v. *Public Serv. Interstate Transp. Co.*, 168 F. 2d 678; *Cornbrooks* v. *Terminal Barber Shops*, 282 N. Y. 217; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541.) Thus I find no basis for upsetting plaintiff's verdict in this case on the ground that he did not exclude or eliminate every other possible cause of death or point out the *precise act or omission* that caused the injury, since the record itself is replete with proof from which the jury had a right to draw the inference that the act of defendants was sufficient to cause the injury from which the decedent died. The majority also finds error in the refusal of the trial court to charge the jury " that the child was a trespasser as a matter of law ". I think in so refusing the Trial Justice was clearly correct, for in the posture of this case whether the infant was or was not a trespasser was entirely immaterial and any charge on that subject would only have tended to confuse the issues. The sole question, on this phase of the case was not the legal status of the infant but whether appellants, knowing of their maintenance of a dangerous condition on their land and that children were using it as a playground, defaulted in their obligation to those children, for they were chargeable as a matter of law with the " well-known tendency of children to trespass upon the land of others and the necessity of protecting them, even though trespassers, from their childish lack of attention and judgment " (2 Restatement, Torts 2d, § 339, comment *i.*, p. 202; see, also, Prosser, Trespassing Children, 47 Calif. L. Rev. 427, 429). For all of the foregoing reasons I vote to affirm the judgment.