Memorandum. Since injury to infant plaintiff resulted from an artificial, dangerous condition on defendant’s property, the decisive issue was the foreseeability of the risk of the accident which resulted in the injury. Under the facts of this case, the duty of care owed plaintiff could be correlated to the risk of harm reasonably to be perceived, regardless of status, whether that of trespasser, licensee, or invitee in the traditional sense (see Restatement, 2d, Torts, § 339; Prosser, Torts [4th ed.], § 59). Defendant’s conceded neglect turned the fire escape ladder into a “ trap ”; the question remaining was the foreseeability of one such as plaintiff coming into contact with the ladder (see Restatement, 2d, Torts, § 339, subd. [a]). It is relevant too that the fire escape, a potentially lethal trap, overhung a public way which children frequently used as their playground (see Mayer v. Temple Props., 307 N. Y. 559, 565; Restatement, 2d, Torts, § 369; cf. § 368, including Comments and Illustrations). The question being close, submission to the jury was required, and its verdict for the plaintiff may not be disturbed.