ANTHONY TOSCANO, Individually and as Father of CLAIRE R. TOSCANO, an Infant, Appellant, v. ESTATE OF ANTONIO BIANCO, Deceased, Respondent, et al., Defendants.— In an action to recover damages for personal injuries sustained by a minor and for medical expenses, etc., of the child's father, the appeal is from (1) an order of the Supreme Court, Westchester County, dated April 4, 1973 and entered in Rockland County, which granted a motion by defendant estate of Antonio Bianco, deceased, to set aside a jury verdict in favor of plaintiff as against the weight of the evidence and for judgment in favor of said defendant, and (2) a judgment of the same court, entered April 17, 1973 in Rockland County upon said order, in favor of said defendant. Judgment and order affirmed, with one bill of costs. No opinion. Latham, Cohalan and Brennan, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and to reinstate the jury verdict in favor of plaintiff, with the following memorandum, in which Munder, J., concurs: The trial court granted a motion by defendant estate of Antonio Bianco to set aside the jury's verdict against it and defendant Johnson on the ground that plaintiffs had failed to establish actionable negligence. The general issue was whether defendants were liable for permitting an abandoned automobile in a dangerous state of disrepair to remain on property, having knowledge that children habitually played on and around the automobile. Under the facts in this record, there was sufficient shown, in my view, to create liability in favor of the infant represented by plaintiff to recover damages for the infant's injuries suffered from a fall from the automobile. Bianco owned land in Rockland County, on which bungalows had been erected near a lake. Plaintiff was a tenant of one of the dwellings, as was defendant Johnson. Across a private road from the bungalows was a grassy area on which Johnson had parked a 1953 Chevrolet automobile for a year or more prior to the accident. The automobile was inoperable, the headlights had been removed and two of the tires were deflated. There was evidence from which the jury could find that the windows were shattered, the doors were open, rust was showing on the fenders, and the headlights, radiator and part of the engine were missing. There was also evidence from which the jury could find that defendants knew that children played around and on the automobile. On October 12, 1965 the plaintiff's three-year-old daughter was walking with her mother, who was holding the infant by the hand and at the same time carrying a basket full of clothes. The infant broke away from her mother and ran toward the automobile, on which other children were playing. She climbed on the front bumper and her foot became caught between the bumper and the front of the car, whereupon she fell backwards and broke her leg. The jury found a verdict in favor of

the infant and her father, who had sued for reimbursement of his expenses.[*] The trial court, on motion of the Bianco estate, set aside the verdict against it as against the weight of the evidence. Plaintiff appeals. The rule is that a child, though a trespasser, makes out a prima facie case against an owner of land for recovery of damages for injuries suffered as the result of a dangerous condition on the land where the owner leaves it open and accessible to children and knows that children use it for play (*Patterson* v. *Proctor Paint & Varnish Co.*, 21 N Y 2d 447). The question then is whether the abandoned automobile in its state of described disrepair was dangerous — or, to put it another way — whether a jury might reasonably find it to be dangerous. In other jurisdictions the issue of whether an abandoned automobile was in a dangerous condition was said to be for the jury (e.g., *Eastburn* v. *Levin*, 113 F. 2d 176; *Copfer* v. *Golden*, 135 Cal. App. 2d 623). In New York, in a case involving the additional fact of the presence of gasoline, the court did, however, recognize the lure which a disabled automobile has for children. "The defendants should have taken into consideration the well-known propensities of playing children, among others, to climb about disused vehicles and to take off easily removable parts and appliances" (*Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567, 571, affd. 260 N. Y. 604). Here the record is clear that the automobile was in a condition which a jury could find under the circumstances to be dangerous. Its doors were open and inviting, the window glass was broken, and parts had been removed. Accordingly, defendants were on notice that children in the habit of playing on it could be injured. They could reasonably foresee that children would suffer injury from the condition of the car. Although the trial court ostensibly set the verdict aside as against the weight of evidence, it seems clear that it held that no negligence on the part of defendant estate of Bianco was established by plaintiff, and the judgment in effect dismisses the complaint. As this disposition of the case makes the issues one of law. I hold that the issues were instead factual and that the jury was entitled to reach a verdict for plaintiff (cf. *Cappel* v. *Board of Educ., Union Free School Dist. No. 4, Northport*, 40 A D 2d 848).

 ---

[*] On an apportionment of liability pursuant to *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), the jury found the percentages of liability 40% against Bianco, 40% against Johnson and 20% against the parents of the child following a cross complaint against them. The trial court set aside the verdict for damages against the father, leaving it stand against the mother.