■ JOHN KELLY, an Infant, by CHARLES E. KELLY, His Parent and Natural Guardian, et al., Respondents, v. JERRY PRIOR, Appellant.— In an action to recover damages for personal injuries sustained by the infant plaintiff and for medical expenses, etc., of his father, defendant appeals from an order of the Supreme Court, Rockland County, dated September 19, 1972, which denied his motion for summary judgment. Order reversed, on the law,

without costs, motion granted and complaint dismissed. Defendant is the owner of a three-family apartment building in which the parents of the 2½-year-old infant plaintiff had been tenants for some three years. A driveway on the premises led to a two-car garage at the rear of the building. For several years prior to July 2, 1969, defendant kept an old panel truck, without license plates, parked at the rear between the building and the garage for the sole purpose of supplying emergency power in the event of a power failure. The complaint alleges that defendant knew the tenants' children were climbing on the truck and further alleges that on July 2, 1969 the infant plaintiff fell while so climbing and was injured. It is the contention of plaintiffs that the mere presence of the panel truck on the premises for an extended period of time created a dangerous and defective condition. In the absence of allegations that the truck was defective and that the infant plaintiff's injuries were causally related to a defect, there can be no recovery (*Toscano* v. *Estate of Bianco,* 45 A D 2d 865). The parking of a vehicle on one's property next to one's garage is not dangerous. The mere presence of that vehicle without license plates for an extended period of time cannot constitute a defective condition per se. Under the circumstances, there is no merit to plaintiffs' causes of action, as a matter of law. Gulotta, P. J., Shapiro and Christ, JJ., concur; Hopkins and Munder, JJ., dissent and vote to affirm.