Memorandum. Order affirmed, without costs to either party. There is no evidence that defendant was aware of, authorized or consented to the presence of the plaintiffs in or upon its business premises.
This accident occurred on a Sunday afternoon when the plant was closed for business to the public. John Mills, an employee of defendant, took Cheryl Warmsley and her 17-month-old son to the premises, unlocked the door and invited them inside. As they watched, Mills set up the motorized conveyor belt to move bananas to load his truck for future delivery. The child at all times remained in the custody of its mother who testified that she kept hold of his hand. The adult plaintiff, when first walking past the moving belt, had her body interposed between the belt and the child. When retracing her steps, she allowed the child to walk next to the belt and the child caught his hand in the belt.
Viewed in the light most favorable to them, plaintiffs entered the premises for their own purposes, to keep John Mills company. There is no evidence that defendant knew or had reason to suspect that its place of business would be opened on this Sunday to plaintiffs, or that a motorized conveyor belt would be set up and placed in operation in their presence.
Before the defendant is cast in liability, it must appear that defendant breached a duty owed to plaintiffs, and such breach proximately caused the injury complained of. There is no showing of defendant’s knowledge of any likelihood of plaintiffs’ presence at such times as would amount to an acquiescence from which defendant’s consent could be inferred.
The belt was not an inherently dangerous object. Its operation was so visible that the danger, if any, was open and appar-r ent. The risk of injury could easily and reasonably have been avoided. Plaintiffs have failed to show even a breach of reasonable care by defendant.
The belt was not defective and was being used for its intended purpose. Nor is there any proof that Mills, defendant’s *955 employee, failed to use the measure of care called for by the circumstances. Of course, if defendant were negligent, the fact that the mother of the infant failed to exercise reasonable care would not bar recovery to the infant even though the infant was in his mother’s custody (Restatement, Torts, 2d, § 488, subd. [1], Comment c). No legal cause is shown to impose liability upon this defendant.