■ HOWARD L. PARISH, Respondent, v HENNEBERRY ROAD FARMS, INC., Appellant.—Judgment affirmed, with costs. All concur, except Witmer, J., who dissents and votes to reverse the judgment and dismiss the complaint, in the following memorandum: Because I believe that as a matter of law the defendant was not guilty of negligence in this case, I think that there should be a reversal. I assume that plaintiff was an invitee, although under developing law that may not be of particular importance (see concurring opinions by Wachtler, J. in *Mevorah v Garyn,* 35 NY2d 934, 936 and *Martinez v Kaufman-Kane Realty Co.,* 34 NY2d 819, 821). Plaintiff and his

associates were on the corporate defendant's premises in behalf of Agway Petroleum Company to take a picture for use in a promotional campaign for the sale of diesel fuel, showing an Agway Company vehicle delivering fuel to one of defendant's farm vehicles. The operation was to take place near a farm shed, but had nothing to do with any farm building, and certainly nothing to do with the barn in which plaintiff fell, which was across the road. During the course of preparing to take the picture plaintiff, in the absence of defendant's managing officer, decided that a better "shot" could be obtained from a tree; and he and an associate went in search of a ladder. In the course of this search, without permission they opened a large side door of the barn and entered. They saw a ladder at the other side of the barn and saw hay in the mow to their left. They went to get the ladder, each one taking one end of it, and as they lifted it, plaintiff fell through a hole or chute used for feeding hay to stock in the basement. Stock barns which have haymows above the stock often are constructed with holes or chutes for use in feeding the stock. Evidence was adduced in this case from which the jury could find that generally the hole in question was covered but was uncovered on this occasion. Such evidence, however, is irrelevant to the central issue in this case, namely, the foreseeability by defendant that any of the guests on the farm that day would enter that barn. Plaintiff not only left the area of his invitation (*Sanders v Favorable Realty Corp.,* 290 NY 591; *Mendelowitz v Neisner,* 258 NY 181, 185; *McNally v Oakwood,* 210 App Div 612, affd 240 NY 600) but he entered a place where defendant had no reasonable expectation that he would go, and under such circumstances defendant cannot be held negligent with respect to plaintiff (*Warmsley v Long Is. Banana Co.,* 35 NY2d 953). On this record the plaintiff can have no cause of action against the defendant (*Meyer v Gehl Co.,* 36 NY2d 760; and see 1 NY PJI 259 [2d ed].) The judgment should, therefore, be reversed and the complaint dismissed. (Appeal from judgment of Livingston Trial Term, in negligence action.) Present—Moule, J. P., Cardamone, Simons, Goldman and Witmer, JJ.