■ JOSEPH LONDA, as Administrator, Respondent, v DOUGBAY ESTATES, Appellant, et al., Defendants.—In an action to recover damages for personal

injuries and wrongful death, defendant Dougbay Estates appeals from a judgment of the Supreme Court, Queens County, entered January 7, 1975, which is against it upon the wrongful death action, upon a jury verdict. Judgment reversed, on the law, without costs, and complaint dismissed. The building equipment on defendant's land was large and readily observable. It was exactly what it appeared to be. It cannot be encompassed in the broadest meaning of the term "trap". Defendant's maintenance of this equipment on its land did not render it liable to trespassing children who might trip against it in the course of play (see *Londa v Dougbay Estates,* 39 AD2d 918; *Toscano v Estate of Bianco,* 45 AD2d 865; *Kelly v Prior,* 46 AD2d 689). The case of *Martinez v Kaufman-Kane Realty Co.* (34 NY2d 819, 821) is not apposite. In that case the condition, an exterior fire escape ladder, was "a potentially lethal trap". Here, the condition was no more dangerous than any other clearly-visible stationary object. Rabin, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: The site of the accident which resulted in the death of the plaintiff's infant intestate was a development construction lot. It was strewn with the waste material of every trade involved in the construction. There was present waste lumber, BX cable, sheathing, bricks, cast iron pipes, crating boxes and stone and rubble. The stone against which the child's head rested was identified as broken asphalt, "part of an old road", which was "probably part of the original excavation material off the site". The proximate cause of the child's fall was his tripping over a lifting device with three points or arms on it, which had been used to raise and set the top of a cesspool. The construction of the cesspool for the building lot in question had been completed and the lifting device was no longer needed on the job site. When this case was previously before us *(Londa v Dougbay Estates,* 39 AD2d 918), we said that building materials for use on the project, located in plain view on a construction site, did not constitute either an inherently dangerous condition or one equatable with a trap, conditions which, had they been present, could have been a basis for the imposition of liability in favor of an infant trespasser. However, we also stated as follows (p 919): "The charge given by the trial court related to a dangerous condition, rather than negligence with regard to such a condition. Since the record shows unusual circumstances, we are granting a new trial in order to afford plaintiff opportunity to adduce other evidence as to whether the child's injury and death were caused by the negligence of defendants". In his dissenting memorandum on the prior appeal, Mr. Justice Shapiro noted that the lot "was strewn with piles of dirt, builder's debris, stone, rubble and various building materials". That condition was described similarly on the second trial. About the only additional or new proof on the second trial was the testimony of decedent's brother, and a playmate, who described where the accident occurred and how it happened, thus supplying a deficiency noted in our prior decision. There has never been any doubt that the child was a trespasser on defendant's land, but both the prevailing and dissenting memoranda on the prior appeal found that such status did not bar recovery by a child injured by the inherently dangerous condition on premises negligently maintained. Mr. Justice Shapiro noted the trend of the New York decisional law in such cases as not limiting recovery solely to situations involving volatile substances or "trap" conditions (cf. *Patterson v Proctor Paint & Varnish Co.,* 21 NY2d 447). The extension of this trend, as we see in *Martinez v Kaufman-Kane Realty Co.* (34 NY2d 819), appears to have brought us to the point where the formula stated in Restatement,

Torts 2d (§ 339) is the standard to be applied.* That section is the principal authority upon which the majority in *Martinez (supra)* relied, citing to it three times in an 18-line memorandum. There, a defective fire escape overhanging a public way which was used frequently by children as their playground was found (p 821) to be "an artificial, dangerous condition" which, because of neglect, became a "trap". Judge Wachtler, in his concurring memorandum, observed (p 821) that "any negligently maintained property that later causes injury to a person can, with hindsight, be considered to have been a trap." In the instant case, an artificial condition was negligently maintained on the defendant's land. It was dangerous to the children who were known to use it as a playground and one whose danger was specifically brought to the attention of the builder before the accident occurred. The need to maintain the dangerous condition after the house under construction had been framed was miniscule as compared to the risk to the children playing there. Negligence on the part of defendant was clearly established. The decisive issue in this case was the foreseeability of the risk of the accident which resulted. That issue was properly presented to the jury and was resolved by it in plaintiff's favor. There was ample evidence to support the verdict and, consequently, I vote to affirm.

---

* "A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve the unreasonable risk of death or serious bodily harm to such children, and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."