■ LORETTA QUINLAN, by Her father and Natural Guardian, EDWIN QUINLAN, et al., Appellants, v VITO D. CECCHINI et al., Respondents.—Judgment, Supreme Court, Bronx County, entered on December 5, 1974,

dismissing the complaint in this personal injury action at the close of the entire case, affirmed, without costs and without disbursements. It is well settled that a social guest visiting someone's home takes the premises as the guest finds them. The only duty owed to the guest by the host is to abstain from inflicting intentional, wanton or willful injuries and to disclose the existence of any known condition in the nature of a trap or hidden danger. Concur—Stevens, P. J., Markewich, Silverman and Capozzoli, JJ.; Murphy, J., dissents in the following memorandum: Murphy, J. (dissenting). Even assuming the continuing validity of the archaic "tripartite classification" of invitee, licensee (social guest) and trespasser (see concurring opn of Wachtler, J. in *Martinez v Kaufman-Kane Realty Co.,* 34 NY2d 819, 822), I believe the jury could have found, on the instant record, that the defendants maintained a "trap"; thereby precluding the dismissal of the complaint at the close of the entire case on the twofold basis that plaintiff failed to prove actionable negligence by defendants or her own freedom from contributory negligence. On April 1, 1966, plaintiff Loretta Quinlan, then a 17-year-old high school senior and classmate of Anna Cecchini, was invited by the latter to spend the evening at her home, which was owned by her parents, the defendants herein. Loretta had never before visited the Cecchinis and was unfamiliar with the house and its physical layout. The girls arrived at the Cecchini home around 4:30 P.M. and entered it through the front door. After dinner they drove to a dance, returning at about 12:30 A.M. This time they proceeded to enter the home through a side entrance. There were no lights on in or outside the house; other than street lights. The side door opens inwardly right to left into a vestibule which measures approximately three feet by three feet. It is bounded by stairs leading to the basement on the right (with a handrailing along the left wall as one descends) and stairs leading up to the kitchen opposite the door. Two light switches, controlling the overhead vestibule light and the outside light, are on the left side wall and are obscured by the door when opened. According to Loretta, she entered the vestibule first after Anna opened the door. It was "pitch-dark" inside and she "couldn't see anything". She stood on the right side of the vestibule near the basement stairs (which she denied any awareness of) waiting for Anna to enter. As Anna entered, to Loretta's left, she brushed against her. Loretta stepped back, fell backwards down the basement stairs and sustained a right parietal skull fracture. Plaintiffs' expert opined that the vestibule was "architecturally unsafe" because of its design and the location of the light switches. Granting plaintiff the most favorable view of the testimony and all reasonable inferences therefrom, I believe the evidence adduced was sufficient to support a jury finding that (a) defendants failed to warn Loretta of the existence of a hidden danger in the nature of a trap, and (b) Loretta was not contributorily negligent under the circumstances of this case. Accordingly, I would reverse the judgment on appeal and grant plaintiffs a new trial.