■ PETER SPOTO, Respondent, v CITY OF NEW YORK, Respondent, and BUZ-ZETTA CONSTRUCTION CORP., Appellant, et al., Defendants. — In a negligence action to recover damages for personal injuries, defendant Buzzetta Construction Corp. appeals from an interlocutory judgment of the Supreme Court, Kings County (Marasco, J.), dated May 9, 1980, which, after a jury trial, was, *inter alia,* in favor of the plaintiff and defendant City of New York (on its cross complaint) and against it. Interlocutory judgment affirmed, with one bill of costs. No opinion. Lazer, Gulotta and Margett, JJ., concur.

Titone, J. P., dissents and votes to reverse the interlocutory judgment and grant a new trial, with the following memorandum: In the early morning hours of October 27, 1973 plaintiff Peter Spoto was found lying alongside an open manhole, in the vicinity of the easterly corner curb of West Street and Shore Parkway, in the borough of Brooklyn, New York City. Plaintiff testified at the trial that he had fallen into the open manhole after stepping off the curb and walking a few steps. In his pleadings plaintiff contended that the accident was caused by the negligence of defendant Buzzetta Construction Corp. (Buzzetta) in causing, permitting and allowing a dangerous condition to exist at the location for an unreasonable time, and by having removed or uncovered the manhole into which plaintiff fell. Evidence adduced at the trial reveals that Buzzetta, a construction contractor, had been retained by defendant City of New York to construct a 20-inch water main in a two-mile area in Brooklyn, which encompassed the location of the accident. As part of the job, Buzzetta was required to excavate a trench four to six feet deep, lay 20-inch pipe, install valves and main-line boxes at designated places, backfill the trench, permanently pave the street when the job was completed, and transfer water service from the existing water main to the new water main. The "manhole" into which plaintiff fell was actually a "main-line" box. The main-line valve at the site of the accident was installed on October 16, 1973, and the main-line box which enclosed the valve, was completely installed on October 17, 1973, on which date the city turned on the water in the newly installed pipe. Buzzetta

backfilled the trench and placed temporary pavement over the site on October 17. On October 18, or some nine days before the accident, Buzzetta left the completed site and went to another location. Evidence was also adduced that water pressure testing at the box had to be taken by the contractor with a city inspector present after installation was completed, and that the equipment for such testing would consist, *inter alia,* of a pump and hoses. According to a witness for the plaintiff, Randall Turner, two days before the accident he observed men working in the main-line box. They had what appeared to be a pump with pipes and hoses running into the hole. Furthermore, Turner testified he recalled seeing the manhole cover off and men working as if they were clearing up a flood area. The police officer who was "flagged down" while on radio patrol near the accident site shortly after the incident on October 27, 1973, testified that he saw plaintiff on the ground, construction work had been going on in the area and the manhole was uncovered. Based upon the afore-mentioned facts, the jury found that Buzzetta caused, permitted or allowed the main-line box to be removed and left out of position thereby causing plaintiff to fall into the hole. However, no evidence was adduced at the trial that from October 18, 1973, when Buzzetta's employees backfilled the site where the main-line box was located, and went elsewhere, to October 27, 1973, the date of the accident, any of Buzzetta's employees had returned to the site either to conduct a water pressure test or for any other purpose. Nor was any evidence adduced connecting the men who were seen working in the hole for two days before the accident with Buzzetta. The mere fact that Buzzetta was obligated under the construction contract to conduct water pressure tests at the site after completing its phase of the work was not enough in and of itself to establish that its employees removed the cover from the main-line box and thus contributed to plaintiff's accident (see *Panella v Trustees of St. Patrick's Cathedral,* 20 AD2d 660; *Blake v City of Albany,* 48 NY2d 875). However, since the record shows unusual circumstances, I believe a new trial should be granted in order to afford plaintiff an opportunity to adduce other evidence as to whether his injuries were caused by the negligence of Buzzetta (cf. *Londa v Dougbay Estates,* 39 AD2d 918, 919; *Deutsch v Doctors Hosp.,* 21 AD2d 775).